Louis B. Heller, J.
In this action for divorce defendant wife moves to reargue ¡the motion to examine plaintiff husband before trial and on .such reargument to vacate the order denying such examination and to direct plaintiff to submit to examination of his financial affairs.
Plaintiff has consented to the examination but wants it limited to the period from 1970. He argues that in February, 1970, his financial condition was examined on the trial of a separation action brought by his wife resulting in an alimony award to her. He urges that no further examination of his financial affairs before 1970 should he allowed.
The issue is: May plaintiff husband’s financial affairs before 1970 be examined?
In a case where divorce follows separation under subdivision (5) of .section 170 of the Domestic Relations Law and the parties are before the court in the divorce action, the court considers the question of alimony de novo (Plancher v. Plan *1021 cher, 29 N Y 2d 880, affg. 35 A D 2d 417, 422; Kover v. Kover, 29 N Y 2d 408, 413). It is within the sound discretion of the court to direct a pretrial examination of the husband’s financial affairs if the circumstances warrant (Gross v. Gross, 8 A D 2d 951).
Where, as in this case, it appears that the husband may have, over the past three or four years, with design to defeat or impede his wife’s claim to fair alimony, divested himself of all or a substantial portion of his assets, such circumstance warrants examination of his financial affairs going back to 1969 so. that all the facts may be examined. The extenuating circumstance appeals to the court’s discretion in granting the requested relief (Campbell v. Campbell, 7 A D 2d 1011, 1012; see, also, Plancher v. Plancher, 29 N Y 2d 408, supra).
Defendant’s motion for leave to reargue the motion for an examination before trial is granted and upon such reargument, the order denying such examination dated January 22, 1973 is vacated and set aside and the plaintiff is directed to appear for examination before trial to the extent indicated at Special Term, Part 2 of this court at a time designated in •the order to he entered hereon.